

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-9-2006

# Tahiliani v. Bayer Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2499

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Tahiliani v. Bayer Corp" (2006). *2006 Decisions*. Paper 1612.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1612

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-2499
_____

SHONALI TAHILIANI,

Appellant


v.

BAYER CORPORATION

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 03-CV-00764)
District Judge: Honorable Donetta W. Ambrose

_____


Submitted Under Third Circuit LAR 34.1(a)
February 8, 2006

Before: BARRY, STAPLETON AND GREENBERG, CIRCUIT JUDGES

(Filed February 9, 2006)

_____

OPINION
_____

PER CURIAM

     Shonali Tahiliani appeals from an order of the United States District Court for the

Western District of Pennsylvania, granting summary judgment in favor of defendant

Bayer Corporation on her complaint alleging discrimination under Title VII, 42 U.S.C. §§ 2000e to 2000e-17. We will affirm the District Court's judgment.

Tahiliani was employed by Bayer as a Research and Development Chemist from June 1997 until she resigned in June 2002.[1] Tahiliani was given a disciplinary warning in December 2001, and in an annual evaluation in February 2002, Tahiliani for the first time received a rating of "below expectations." Tahiliani claims that these actions were in retaliation for her filing a charge of discrimination against her then supervisor, Dr. Winfried Paul, with the Equal Employment Opportunity Commission (EEOC).[2]

To establish a prima facie case of illegal retaliation under Title VII, a plaintiff must show: "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." Williams v. Philadelphia Housing Authority Police Dept., 380 F.3d 751, 759 (3d Cir. 2004) (internal quotations and citations omitted). The parties agree that Tahiliani's

---

[1] Because the parties are familiar with the facts, we relay only those facts necessary to the understanding of this decision.

[2] We agree with the District Court that to the extent Tahiliani attempted to raise claims based on her original charge of gender and national origin discrimination filed with the EEOC in February 2001, those claims are time-barred, as Tahiliani did not bring suit within 90 days of receiving the EEOC's September 27, 2001 Dismissal and Notice of Rights. As to the retaliation claim, however, she did bring suit within 90 days of receiving a second right-to-sue letter regarding that claim.

complaint against a former supervisor was protected activity.[3] The District Court found that because Tahiliani's negative evaluation would have eventually led to lower compensation, she had suffered an adverse employment action. Assuming, arguendo, that she suffered an adverse action, we agree with the District Court that she failed to establish a causal connection between her protected activity and the adverse action.

"[W]here the temporal proximity is not so close as to be unduly suggestive, we have recognized that timing plus other evidence may be an appropriate test." Thomas v. Town of Hammonton, 351 F.3d 108, 114 (3d Cir. 2003). Here, Tahiliani initially filed charges of discrimination with the EEOC in February 2001. The EEOC dismissed her charges and gave her a right-to-sue letter in September 2001. The actions about which she complains occurred in December 2001 (the disciplinary warning), and February 2002 (the annual evaluation). As the actions took place several months after she first filed charges with the EEOC, the timing is not unduly suggestive. Tahiliani suggests that the retaliation may have been prompted by her attorney's November 2001 letter to the Pennsylvania Human Relations Commission, asking that it reopen her case. However, as the District Court pointed out, "[i]t is illogical to believe that having refrained from retaliating after each [of the previous EEOC filings], and indeed having given Tahiliani a 'meets expectations' performance review after receiving the filings,[4] Bayer would

---

[3] Dr. Paul was removed as Tahiliani's supervisor in October 2000.

[4] Bayer gave Tahiliani a "meets expectations" rating in an October 2001 review.

nevertheless seize the opportunity to begin retaliating after receiving a petition to reopen an EEOC complaint which had terminated in its favor." Dist. Ct. Op. at 8. Further, Tahiliani presented no evidence to show that the individuals involved in her disciplinary warning and her evaluation had any knowledge of the November 2001 letter.[5]

In addition, the "other evidence" in this case does not suggest a causal link. The disciplinary warning Tahiliani received was based on a November 2001 e-mail Tahiliani sent her supervisor, which was found to be insubordinate. The February 2002 evaluation was a regularly-scheduled evaluation, and her negative rating was based in part on a failure to address issues raised in prior evaluations, such as poor interpersonal skills and a lack of cooperation. We agree with the District Court that the evidence does not support a causal connection. The District Court thus correctly granted summary judgment.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[5] The disciplinary warning and negative performance evaluation were written by George Paleos and reviewed by Dr. Azita Owlia. There is no indication that Dr. Paul had any connection with the two actions.

4